## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ERIN KESSLER and STEPHANIE LAZAR** | § | |
| *Plaintiffs* | § | |
| | § | **CIVIL ACTION NO. 1:20-cv-00049** |
| **v.** | § | |
| | § | |
| **SHUART AND ASSOCIATES, INC.** | § | |
| *Defendant* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Erin Kessler and Stephanie Lazar ("Plaintiffs") and file their Complaint against Shuart & Associates, Inc. ("Defendant"), and in support thereof would show as follows:

### I.    PRELIMINARY STATEMENT

1.1.    Defendant Shuart & Associates, Inc. is engaged in the business of legal recruiting in the States of Texas and Louisiana, including the placement of temporary, contract, and direct-hire legal professionals.

1.2.    Plaintiffs were employed by Defendant as legal recruiters through November 19, 2019, when their employment was terminated. Prior to their termination, Plaintiffs made placements for Defendant in consideration of Defendant's agreement to pay the commissions[1] provided for in the Compensation Plans.  Plaintiff Erin Kessler was paid on a commission-only basis; Plaintiff Stephanie Lazar was paid a base salary plus commissions.

1.3.    Plaintiffs Erin Kessler and Stephanie Lazar bring this action to recover unpaid

---

[1]  Although some of the commission payments set out in the Compensation Plan are labelled "bonuses," they are calculated as a percentage of revenue generated from Plaintiffs' placement and are largely nondiscretionary, and thus are functionally commissions.  As such, this Complaint will use "commissions" to refer to all incentive compensation described by the Plans.

commissions due under their Compensation Plans.  Defendant breached these Compensation Plans by (a) diverting a significant portion of each Plaintiff's year-end commissions for Defendant's own use; and (b) refusing to pay the remaining commissions due under each Plaintiff's Compensation Plan.

1.4.     Additionally, Defendant has willfully violated the FLSA by incorrectly classifying Plaintiff Kessler as exempt from overtime and refusing to pay Plaintiff Kessler the overtime premium for hours worked over forty in a given workweek.

1.5.     As such, Plaintiff Erin Kessler further brings this action to recover overtime compensation, liquidated damages, attorneys' fees, costs of litigation, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et seq.* ("FLSA").

## II.     JURISDICTION AND VENUE

2.1.     The Court has subject matter jurisdiction under 28 U.S.C. 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et seq. ("FLSA").

2.2.     The court has supplemental jurisdiction under 28 U.S.C. 1367 over Plaintiffs' state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy 28 U.S.C. 1367.

2.3.     Jurisdiction is further conferred on this Court by 29 U.S.C. 216(b) and by the provisions of 28 U.S.C. 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce…"

2.4.     The Court further has diversity jurisdiction as the Complaint involves a controversy between parties of diverse citizenship, and as the amount in controversy exceeds $75,000.00.  29

U.S.C. 1332(a).

2.5.     The Court has general personal jurisdiction over Defendant as Defenadnt has engaged in continuous and systemic contacts with Texas.   The Court has specific personal jurisdictional over Defendant as Defendant purposely directed its activities toward Texas or purposely availed itself of the privileges of conducting activities in Texas by having regularly conducted business in Texas and by employing Texas residents in Texas, including Plaintiff Kessler.  These activities have given rise to this controversy.

2.6     Venue is proper in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in said District.

2.7.     All conditions precedent necessary to maintain this action have been performed or have occurred.

### III.     PARTIES

3.1.     Defendant Shuart & Associates, Inc. is a foreign corporation organized and existing under the laws of the State of Louisiana.  As set forth in this Complaint, Defendant regularly conducted business in Texas and employed employees in Texas, including Plaintiff Erin Kessler; and these business activities and employment are a basis of this lawsuit.  As Defendant does not maintain a registered agent of service in Texas, Defendant may be served with process pursuant to Tex.Civ.Prac.&Rem.Code 17.044 by serving the Secretary of State of Texas at 1019  Brazos Street,  Austin,  Texas  78701. The Secretary of State of Texas may also forward a copy of the citation and petition in this lawsuit to the registered agent of service provided by Defendant to the Secretary of State of the State of Louisiana, Darnell Shuart Schoen, 521 S. Massachusetts Avenue, Covington, Louisiana 70433.

3.2.     Plaintiff Erin Kessler is an individual who resides in Travis County, Texas, and who was employed by Defendant in Travis County, Texas.

3.3.     Plaintiff Stephanie Lazar is an individual who resides in the State of Louisiana, and who was employed by Defendant in Orleans Parish, Louisiana.

## IV.     FLSA COVERAGE

4.1.     At all relevant times to this Complaint, Defendant has had annual gross operating revenue in excess of $500,000.00, and has been and continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. 203.

4.2.     At all relevant times to this Complaint, Defendant has employed and continued to employ employees, including Plaintiffs, within the meaning of the FLSA, 29 U.S.C. 203.

4.3.     At all relevant times to this Complaint, Plaintiffs were individual employees of Defendant who engaged in commerce as required by 29 U.S.C. 206-207.

4.4.     At all relevant times to this Complaint, Defendant has been subject to the requirements of the FLSA.  29 U.S.C. 201 *et seq.*

## V.     FACTUAL ALLEGATIONS

5.1.     Defendant employed Plaintiff Stephanie Lazar as a recruiter starting n approximately September 2014.  Plaintiff Stephanie Lazar was paid a guaranteed salary plus commissions pursuant to her Compensation Plan with Defendant. Plaintiff Lazar was terminated by Defendant without cause on November 19, 2019.

5.2.     Defendant employed Plaintiff Erin Kessler as a recruiter starting in approximately October 2009.  Plaintiff Erin Kessler was paid solely on the basis of commissions pursuant to her Compensation Plan with Defendant. Plaintiff Kessler was terminated by Defendant without cause on November 19, 2019.

5.3.    Following their termination, Defendant refused to pay Plaintiffs the remaining commissions owed to them for placements and other services performed for Defendant in 2019. These unpaid commissions total in excess of $100,000.00 for Plaintiff Erin Kessler and in excess of $50,000.00 for Plaintiff Stephanie Lazar.  By failing to pay these commissions, Defendant breached its Compensation Plan with Plaintiffs.

5.4.    Defendant's SEP-IRA retirement plan required that Defendant to make uniform annual contributions to Plaintiffs' retirement accounts.  Per the SEP-IRA regulations and plan documents, these contributions were to be paid by the employer, not by the employees. In disregard of these requirements, Defendant mischaracterized commissions due and owing to Plaintiffs as Defendant's own contribution, and thus improperly diverted a significant portion of Plaintiffs' annual commissions for its own use.  Defendant thusly misappropriated $175,231.74 of Plaintiff Erin Kessler's compensation in 2015, 2016, 2017, and 2018, and $54,760.20 of Plaintiff Stephanie Lazar's compensation in 2016, 2017, and 2018. In doing so, Defendant breached its Compensation Plan with Plaintiffs.

5.5.    Plaintiff Erin Kessler was not exempt from the FLSA's overtime pay requirements via the "white collar" exemptions as she was not paid a guaranteed salary.  Nor was Plaintiff Kessler otherwise exempt from the FLSA's overtime requirements.

5.6.    Defendant has violated the FLSA by failing to pay Plaintiff Erin Kessler an overtime premium for hours worked over forty hours in a given workweek.

## VI.    CAUSE OF ACTION: VIOLATION OF FLSA

6.1.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2.    Plaintiff Erin Kessler is a non-exempt employee who is entitled to overtime pay for

all hours worked for Defendant in excess of forty during each workweek.

6.3.    During her employment with Defendant, Plaintiff Erin Kessler routinely worked in excess of forty hours per week.

6.4.    Defendant has failed to pay Plaintiff Erin Kessler the statutorily mandated overtime rate set forth in the FLSA.

6.5.    A three-year statute of limitations applies to this action as Defendant's failure to pay overtime to Plaintiff Erin Kessler was willful within the meaning of 29 U.S.C. 255(a).

6.6.    Plaintiff Erin Kessler is entitled to an amount equal to and in addition to her unpaid wages as liquidated damages under the FLSA as Defendant's acts or omissions in failing to pay Plaintiff Erin Kessler the overtime premium required by the FLSA were not made in good faith. 29 U.S.C. 260.

6.7.    In further violation of the FLSA, Defendant has failed to maintain accurate employee records, including records of the number of hours worked per workweek by Plaintiff Erin Kessler.

6.8.    Plaintiff Erin Kessler seeks all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII.    CAUSE OF ACTION: BREACH OF CONTRACT

7.1.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2.    Plaintiffs were entitled to payment of commissions provided by their Compensation Plans with Defendant, which constituted a valid contract.

7.3.    Plaintiffs made the placements underlying the commissions provided for in the Compensation Plans and otherwise fully performed or were excused from performing their obligations to Defendant.

7.4.    Defendant, in using Plaintiffs' annual commission payment to fund Plaintiffs' SEP-IRA, misappropriated monies due to Plaintiffs under the Compensation Plans for its own use.  This was a breach of the Compensation Plans.

7.5.    Defendant has breached its Compensation Plans with Plaintiffs by failing to pay Plaintiffs the amounts due to Plaintiffs in commissions under each Plaintiff's respective Compensation Plan.

7.6.    Plaintiffs have suffered damages from Defendant's refusal to pay the monies owed to Plaintiffs pursuant to their respective Compensation Plans.  Defendant is further liable for Plaintiffs' reasonable attorney's fees, costs, and litigation expenses, along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII.   CAUSE OF ACTION: LOUISIANA WAGE PAYMENT ACT

8.1.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

8.2.    Plaintiff Stephanie Lazar was employed by Defendant in Louisiana and is thus protected by the provisions of the Louisiana Wage Payment Act (the "WPA").  L.A. R.S. 23:631 *et seq.*  Amongst its other provisions, the WPA prohibits employers from requiring an employee to sign a contract that forfeits wages if the employee is discharged before the contract is completed, and instead requires that employers pay employees their wages actually earned up to the time of discharge.  L.A. R.S. 23:634.

8.3.    Defendant has violated the WPA by requiring that Plaintiff Stephanie Lazar sign a

contract forfeiting her commission for services provided, and has further violated the WPA by failing to pay Plaintiff Lazar her wages actually earned up to the time of discharge.

8.4.     Accordingly, Plaintiff Stephanie Lazar is entitled to recover from Defendant her unpaid compensation, penalties including an additional 90 days wages, and her reasonable attorneys' fees and costs. L.A. R.S. 23:631-23:634.

## IX.     CAUSE OF ACTION: QUANTUM MERUIT

9.1.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

9.2.     In the alternative to Plaintiffs' claim for breach of contract, Plaintiffs seek recovery under the equitable theory of quantum meruit.

9.3.     Plaintiffs, in providing their recruiting services on behalf of Defendant, provided valuable services to Defendant, which were accepted by Defendant under circumstances that reasonably notified the Defendant that Plaintiffs expected to be paid.  Defendant has been unjustly enriched by its acceptance, use, and enjoyment of Plaintiffs' services without compensation.

9.4.     Plaintiffs, by their claim of quantum meruit, seek to recover the reasonable value of their services to Defendant as well as reasonable attorney's fees, costs, and litigation expenses pursuant to along with pre- and post-judgment interest at the highest rate allowed by law.

## X.     CAUSE OF ACTION: MONEY HAD AND RECEIVED
## and UNJUST ENRICHMENT

10.1.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

10.2.    In the alternative to Plaintiffs' claim for breach of contract, Plaintiffs seek recovery under the equitable theory of money had and received and the equitable theory of unjust

enrichment.

10.3.    Defendant has received payment for the placements made by Plaintiffs, but has not paid Plaintiffs for said placements, and thus Defendant holds money that in good conscience and equity belongs to Plaintiffs, and Defendant's retention of that money would result in Defendant's unjust enrichment to the detriment of Plaintiffs.

10.4.    Plaintiffs, by their claim of money had and received and unjust enrichment, seek to recover as actual damages all sums held by Defendant which in good conscience and equity belong to Plaintiffs or by which Defendant has been unjustly enriched to the detriment of Plaintiffs.. Plaintiffs also seek exemplary damages against Defendant, and pre- and post-judgment interest at the highest rate allowed by law.

## XI.    JURY DEMAND

11.    Plaintiffs hereby demand a trial by jury.

## XII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Erin Kessler and Stephanie Lazar respectfully pray that they recover the following against Defendant Shuart and Associates, Inc:

a.    Unpaid compensation due to Plaintiffs;

b.    Unpaid overtime wages to Plaintiff Erin Kessler for all hours worked in excess of forty hours in a workweek, along with liquidated damages in an amount equal to Plaintiff Kessler's unpaid overtime compensation as allowed by the FLSA;

c.    Reasonable attorney's fees, costs and expenses of this action, including expert witness costs;

d.    Exemplary damages as warranted;

e.    pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.      such other and further relief, at law or in equity, as deemed necessary by this

Honorable Court.


                                    Respectfully Submitted,


                                    /s/  Aaron Charles de la Garza

                                    Aaron Charles de la Garza
                                    Texas Bar No.  24028282
                                    Aaron C de la Garza, PLLC
                                    509 West 18th Street
                                    Austin, Texas 78701
                                    (512) 474-7054  telephone
                                    (512) 474-5605  facsimile
                                    aaron@adlglaw.com
                                    ATTORNEY FOR PLAINTIFFS