UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIN KESSLER and STEPHANIE LAZAR <br> *Plaintiffs* <br> <br> v. <br> <br> SHUART AND ASSOCIATES, INC. and <br> DARNELL SHUART <br> *Defendants* | § <br> § <br> § CIVIL ACTION NO. 1:20-cv-00049-RP <br> § <br> § <br> § <br> § <br> § |

## **AGREED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiffs Erin Kessler and Stephanie Lazar, and Defendants Shuart & Associates, Inc. and Darnell Shuart, being all the parties hereto, who by and through their respective counsel would show as follows:

1. The claims asserted by Plaintiffs in their First Amended Complaint include overtime and retaliation claims under the Fair Labor Standards Act. After extensive negotiation, including a day-long mediation on July 7, 2020, the parties have reached a settlement agreement as to all claims by Plaintiffs, including their claims arising under the Fair Labor Standards Act. The settlement agreement, by way of mutual releases, additionally resolves claims asserted against Plaintiffs by Defendant Shuart & Associates, Inc. in *Shuart and Associates, Inc. v. Erin Kessler, Stephanie Lazar, and Southern Attorney Search and Staffing, LLC*, Cause No. 20202-00534, in the Civil District Court for the Parish of Orleans.

2. The parties, through the undersigned counsel, stipulate and represent that their settlement of Plaintiffs' Fair Labor Standards Act claims is a fair and reasonable resolution of a bona fide dispute arising under the Fair Labor Standards Act.

3.     The parties seek the Court's review and approval of their settlement agreement as a fair and reasonable settlement of a bona fide dispute arising under the Fair Labor Standards Act.  A true and correct copy of the parties' Settlement Agreement and General Release is attached as Exhibit "A" for the Court's review.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Defendants jointly move that, the Court review and approve their settlement of Plaintiffs' Fair Labor Standards Act claims.

Respectfully submitted,

/s/  Aaron Charles de la Garza
AARON C. DE LA GARZA
State Bar No. 24028282
Aaron C. de la Garza, PLLC
509 West 18th Street
Austin, Texas 78701
Telephone: (512) 474-7054
Facsimile: (512) 474-5605
aaron@adlglaw.com
ATTORNEY FOR PLAINTIFFS

/s/     William R. Stukenberg
William R. Stukenberg
Texas Bar No. 24051397
S.D. Bar No. 55792
Jamie L. Houston
Texas Bar No. 24097847
S.D. Bar No. 2780689
JACKSON LEWIS, PC
Wedge International Tower
1415 Louisiana St., Suite 3325
Houston, TX 77002
Tel. (713) 650 0404
Fax (713) 650-0405
William.Stukenberg@jacksonlewis.com
Jamie.Houston@jacksonlewis.com
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document with the Clerk of the Court through ECF on July 29, 2020, and that a true and correct copy is being sent via ECF and electronic mail to the Defendant's attorney, William R. Stukenberg, Jackson Lewis, PC.

/s/  Aaron Charles de la Garza
Aaron Charles de la Garza

# EXHIBIT A

# **SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("**Agreement**") is entered into by and between Southern Attorney Search & Staffing LLC, Erin Kessler, and Stephanie Lazar ("**Plaintiffs**"), for themselves and for their heirs, executors, administrators, personal representatives, estates, current and former officers, directors, partners, owners, shareholders, principals, agents, representatives, employees, attorneys, insurers, related entities, co-employers, joint employers, staffing companies, employee benefit plans, predecessors, successors and/or assigns, and every person or entity asserting any claim for Plaintiffs or acting on their behalf (collectively the **"Plaintiffs Group"**), and Defendant Darnell Shuart and Shuart and Associates, Inc. (**"Defendants"**), for themselves and for their heirs, executors, administrators, personal representatives, estates, current and former officers, directors, partners, owners, shareholders, principals, agents, representatives, employees, attorneys, insurers, related entities, co-employers, joint employers, staffing companies, employee benefit plans, predecessors, successors and/or assigns, and every person or entity asserting any claim for Defendants or acting on their behalf (collectively, the **"Defendants Group"**).  Plaintiffs and Defendants are sometimes collectively referred to as the **Parties**.

WHEREAS, Plaintiffs filed a lawsuit against Defendants entitled *Kessler and Lazar v. Shuart & Associates, Inc.,* No. 1:20-cv-00049-RP, in the United States District Court for the Western District of Texas, Austin Division; and

WHEREAS, Shuart and Associates, Inc. filed a lawsuit against Plaintiffs entitled *Shuart and Associates, Inc. v. Kessler, Lazar, and Southern Attorney Search and Staffing, LLC,* Cause No. 20202-00534, in the Civil District Court for the Parish of Orleans, which Shuart and Associates, Inc. has appealed to the Fourth Circuit Court of Appeal of the State of Louisiana under Cause No. 2020-0245; and

WHEREAS, these lawsuits and Appeal are collectively referred to in this Agreement as the "Lawsuits";

WHEREAS, the Parties respectively deny wrongdoing in relation to the Lawsuits, and deny any guilt, violation of law, liability or wrongdoing of any kind whatsoever; and

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Parties of any guilt, violation of law, liability or wrongdoing of any kind whatsoever; and

WHEREAS, the Parties desire that all claims that were or could have been brought by Plaintiffs or Defendants, including but not limited to those asserted in the Lawsuits, be terminated and that Parties' claims be resolved without further legal proceedings; and

WHEREAS the parties were each represented by independent counsel in this adversary proceeding. After extensive negotiation, the parties have settled and compromised any and all wage and hour causes of action pled, filed, accrued, or unaccrued by Plaintiffs, including any claims arising under the Fair Labor Standards Act.

WHEREAS, the parties stipulate and represent that their settlement of Plaintiffs' Fair Labor Standards Act claims is a fair and reasonable resolution of a bona fide dispute arising under the Fair Labor Standards Act.

NOW, THEREFORE, in consideration of the promises and covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree as follows:

1. **Recitals**.  The Parties expressly agree that the recitals set forth above are substantive terms of this Agreement.

2. **Consideration**.  Solely to settle forever Plaintiffs' claims and potential claims and in exchange for Plaintiffs' promises made in this Agreement, including Plaintiffs' execution of and compliance with the terms of this Agreement, Defendants agree:

a. To pay Plaintiffs the total sum of One-Hundred Seventy-Two Thousand Two Hundred and Five Hundred Dollars ($172,500.00) (the "Settlement Payment").  The $172,500.00 of settlement proceeds being paid by Defendants shall be paid as follows:

(a) Twenty Thousand and Zero Dollars ($20,000.00) in a check made payable to Erin Kessler, less regular tax withholdings, for which a W-2 will be issued;

(b) Twenty Thousand and Zero Dollars ($20,000.00) in a check made payable to Stephanie Lazar, less regular tax withholdings, for which a W-2 will be issued;

(c) Thirty Six Thousand Two Hundred and Fifty ($36,250.00) in a check made payable to Erin Kessler with no withholdings, which is being paid for non-wage related damages, and for which a 1099 will be issued;

(d) Thirty Six Thousand Two Hundred and Fifty Dollars ($36,250.00) in a check made payable to Stephanie Lazar with no withholdings, which is being paid for non-wage related damages, and for which a 1099 will be issued;

(e) Sixty Thousand Dollars ($60,000.00) in a check made payable to Southern Attorney Search and Staffing, LLC, with no withholdings, which is being paid for the purpose of settling and compromising Plaintiffs' claims for attorneys' fees and costs, and for which a 1099 will be issued.

Appropriate IRS Forms W-2 and 1099 shall be issued for the Settlement Payment. This attribution of the settlement proceeds is made in good faith by Plaintiffs and Defendants.

b. Plaintiffs agree to DEFEND, INDEMNIFY AND HOLD HARMLESS each member of the Defendants Group from any liability, costs or expenses for taxes or penalties sought or claimed by any government authority as a result of or arising out of Defendants' Settlement Payment to Plaintiffs, as well as attorneys' fees incurred in defending the alleged claims.  The foregoing allocations of settlement funds were determined in good faith by the parties and without the advice of counsel.

c. The Settlement Payment will be paid within twenty-one (21) days after the later of: (1) the receipt by Defendants' attorney, William R. Stukenberg, of a copy of this

Agreement, provided that an original is received prior to payment as well, signed and dated by Plaintiffs; and (2) receipt by Defendants of a completed IRS Form W-9 and Form W-4 from Plaintiffs Kessler and Lazar, and of a completed IRS Form W-9 from Plaintiff Southern Attorney Search and Staffing, LLC.  The Settlement Payment shall be timely mailed by certified mail, return receipt requested and postmarked within the twenty-one (21) day period discussed above.  The checks will be sent to Plaintiffs' lawyer, Aaron Charles de la Garza, and the Parties agree that he shall be responsible for transmitting Plaintiffs' portion of the Settlement Payment to Plaintiffs.

   d. Defendants release Kessler and Lazar from all obligations in their July 31, 2019 Confidentiality and Non-Compete Agreements ("July Agreements") excepting the confidentiality obligations set forth in the July Agreement's section 3 ("Confidentiality Provision"), which they reaffirm.  Notwithstanding the foregoing, Kessler or Lazar's prior knowledge of the identity of Defendants' customers or customer representatives shall not be the basis of a claim by or through Defendants either for breach of the Confidentiality Provision, breach of this Agreement, or for breach of any other law.

  **3.** **<u>No Consideration Absent Execution of this Agreement</u>**.  Plaintiffs understand and agree that they would not receive the Settlement Payment but for their agreement to and execution of this Agreement and their fulfillment of the promises Plaintiffs make in this Agreement.  Plaintiffs agree that they have carefully reviewed this Agreement with their attorney, have a full and complete understanding of the terms of this Agreement, have determined that the terms of this Agreement are fair and reasonable, and have determined that the Settlement Payment is sufficient and fair consideration for this Agreement.  Plaintiffs understand that the Settlement Payment is all the monetary relief that they will ever receive in exchange for this Agreement and the promises they make in this Agreement.

  **4.** **<u>General Release of Claims, Claims Not Released and Related Provisions</u>**.

   a. <u>Claims Released by Plaintiffs</u>.  Plaintiffs, on their own behalf and on behalf of the Plaintiffs Group, knowingly and voluntarily release and forever discharge the Defendants Group, individually and in their business capacities, of and from all claims in the Lawsuit Plaintiffs filed against Defendants and from any and all claims, known and unknown, asserted or unasserted, which Plaintiffs have or may have against the Defendants Group or any of them as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Age Discrimination in Employment Act;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);

3

- The Fair Labor Standards Act;

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990, as amended;

- The Workers Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- The Genetic Information Nondiscrimination Act of 2008;

- The Immigration Reform and Control Act;

- The National Labor Relations Act;

- The Uniform Services Employment and Reemployment Act;

- Section 21.001, *et seq.*, of the Texas Labor Code (commonly referred to as the Texas Commission on Human Rights Act);

- Section 451 of the Texas Labor Code;

- Section 61.001, *et seq.*, of the Texas Labor Code (commonly referred to as the Texas Pay Day Act);

- any accidental, wrongful, negligent or intentional breach of any duty or obligation by Defendants, regardless of whether the alleged breach arises from contract (express, written or implied), tort or the common law of any jurisdiction; and

- every obligation for costs, fees or other expenses (including any attorneys' fees) incurred in the Charge or otherwise.

Collectively, these are the "**Plaintiffs' Released Claims**." Plaintiffs promise and agree to defend, indemnify and hold the Defendants Group harmless from and against all future losses, costs (including, but not limited to, defense costs, expenses and legal fees), claims, demands, causes of action relating to the Plaintiffs' Released Claims and asserted by any person claiming by, through, under, or on behalf of Plaintiffs.

    b.    <u>Claims Released by Defendants</u>. Defendants, on their own behalf and on behalf of the Defendants Group, knowingly and voluntarily releases and forever discharge the Plaintiffs Group, individually and in

4

their business capacities, of and from all claims in the Lawsuit Defendants filed against Plaintiffs and from any and all claims, known and unknown, asserted or unasserted, which Defendants have or may have against the Plaintiffs Group or any of them as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

Collectively, these are the "**Defendants' Released Claims**."  Defendants promise and agree to defend, indemnify and hold the Plaintiffs Group harmless from and against all future losses, costs (including, but not limited to, defense costs, expenses and legal fees), claims, demands, causes of action relating to the Released Claims and asserted by any person claiming by, through, under, or on behalf of Defendants.

c. SEP-IRA Contributions.   The parties agree that all SEP-IRA contributions were made and none are owing.

d. Governmental Agencies.  Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g., the EEOC, TWCCRD, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiffs' rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

e. Collective/Class Action Waiver.  If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any member of the Defendants Group identified in this Agreement is a party.

**5.     Abatement of Lawsuits; Dismissal of Lawsuits**. The Parties agree to cooperate in taking such steps as are necessary to abate or otherwise delay any additional proceedings in the Lawsuits until such time as the parties dismiss the Lawsuits. The Parties agree to file joint motions to dismiss the respective Lawsuits within ten days of receipt of the Settlement Payment.

**6.     Affirmations, Representations and Warranties**. Each of the Plaintiffs and Defendants, knowing that their opposite parties  are relying upon their affirmations, representations and warranties set forth below, and intending that they enter into this Agreement in reliance on them, affirm, represent and warrant as follows:

(a)   That they have read this Agreement, including the release provision;

(b)   That they have been advised in writing to consult with an attorney regarding this Agreement, have had an opportunity to discuss this Agreement, including the

5

       release provisions, with the lawyer of their choice, and have, in fact, discussed this Agreement with their lawyer;

(c)     Other than their respective Lawsuits, that they have not filed, caused to be filed and are not presently a party to any claim against any member of the opposite party;

(d)     Except any interest assigned to their lawyers in connection with their respective Lawsuits, no person or entity other than they have, or have had, any interest in the Plaintiffs' Released Claims or the Defendants' Released Claims; and

(e)     In deciding to sign this Agreement, that they have not relied on any statements, promises or agreements other than the express terms of this Agreement, and that they are relying on their own judgment and that of their chosen attorneys with whom they have consulted regarding this Agreement. They also specifically affirm that this Agreement clearly expresses their intent to waive fraudulent inducement claims, and that they disclaim any reliance on representations about any of the specific matters in dispute between the Parties.

Furthermore, Plaintiffs knowing that Defendants are relying upon their affirmations, representations and warranties set forth below, and intending that they enter into this Agreement in reliance on them, affirm, represent and warrant as follows:

(f)     Plaintiffs have the sole right and exclusive authority to execute this Agreement and to accept the Settlement Payments;

(g)     Plaintiffs expressly represent and warrant that by accepting the Settlement Payments, they have been paid all wages or other damages that they claim they now are or ever have been owed for work for Defendants through the date they execute this Agreement, and to the extent they claim otherwise, their claims are fully resolved by this Agreement. Plaintiffs also understand and agree that they will not receive any other payment for such wages or for any other alleged damages, injuries or losses. Plaintiffs further knowingly and voluntarily waive and release any and all claims for unpaid wages or other remuneration by this Agreement.

(h)     Plaintiffs furthermore affirm that they have no known workplace injuries or occupational diseases and have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act and/or any other federal, state or local leave law. Plaintiffs further affirm Plaintiffs have not complained of and are not aware of any fraudulent activity or any act(s) which would form the basis of a claim of fraudulent or illegal activity of Defendants;

(i)     Plaintiffs agree that if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiffs under this settlement, they agree to: (i) indemnify, defend and hold the Releasees harmless from any

6

    action by CMS relating to medical expenses of Plaintiff; (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which Plaintiffs are required to indemnify Releasees under this paragraph; and (iii) waive any and all future actions against the Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

(j)  Plaintiffs may accurately note the fact of their employment with Shuart & Associates in a CV or on LinkedIn or similar website, but otherwise agree that they will not use their affiliation with Shuart & Associates in any marketing or advertising materials, including in social media.

    **7.**  **No Future Employment**.  Plaintiffs understand and agree that because of circumstances unique to them including, but not limited to, irreconcilable differences with Defendants, they are not entitled to, shall not apply for and shall never become directly or indirectly employed by Defendants or any current member of the Defendants Group.  Plaintiffs understand and agree that if they ever were to become directly or indirectly employed by Defendants or any current member of the Defendants Group, they shall immediately be required to resign such employment and agree that Defendants shall not have any liability for such required resignation.

    **8.**  **Confidentiality**.  Confidentiality is a material term of this Agreement.

(a)  Plaintiffs and Defendants promise and agree they will keep (i) the existence and terms of this Agreement or the fact of settlement of the Lawsuit, (ii) the claims which were asserted or could have been asserted in the Lawsuits or in any other action against the other, and (iii) the facts or alleged facts upon which said action is purported to be based, strictly confidential and that they will not disclose the terms of this Agreement to anyone (including, without limitation, any current or former employees or contract employees of either party); provided, however, that the Parties may disclose the terms of this Agreement to a spouse (if any), a tax advisor, the attorney(s) with whom they consult regarding this Agreement after first securing from them an agreement to maintain the fact and terms of settlement strictly confidential, and/or to any federal, state, or local governmental agencies.

(b)  The Parties understand and agree that this confidentiality provision is of utmost importance to this Agreement, that its breach is a material breach, and that the Parties would not have entered into this Agreement but for these promises and agreements concerning confidentiality.  In the event of a breach of this confidentiality provision, the breaching party will be liable for liquidated damages in the amount of $10,000.00, which the Parties agree is fair and reasonable and necessary based on the importance of confidentiality to the Parties for entering into this Agreement.

**9.** **Governing Law and Interpretation**.  This Agreement shall be governed by the laws of the State of Texas without application of its conflict of law provisions, and by federal law as applicable.  If any provision or subpart of this Agreement is declared illegal or unenforceable as written by a court of competent jurisdiction, the Parties agree that such court shall first reform such provision or subpart to lawfully give effect to the fullest intent of the Parties as expressed by this Agreement, but if such provision or subpart cannot be reformed to become enforceable, then for any such provision or subpart, such provision or subpart shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

**10.** **Non-Admission of Wrongdoing**.  Plaintiffs agree that neither this Agreement nor the Settlement Payments shall be deemed or construed as an admission by Defendants of liability or unlawful conduct of any kind, and that this Agreement is not admissible in any legal proceeding for any purpose except to enforce its provisions.

**11.** **Future Disputes.** In order to avoid unnecessary future conflict based upon a misunderstanding, the parties will agree to a 30-day notice provision by which each side is required to give the other written notice prior to asserting any claim against the other; thereafter the parties agree to mandatory arbitration of any such claim with the American Arbitration Association pursuant to the AAA Employment Dispute Resolution Rules.

**12.** **Amendment**.  This Agreement may not be modified, altered or changed except by written consent of all Parties.

**13.** **Entire Agreement**.  This Agreement sets forth the entire agreement between Parties with respect to the subject matter of the Agreement.

## **SIGNATURES**

| SHUART AND ASSOCIATES, INC.: | SOUTHERN ATTORNEY SEARCH & STAFFING LLC: |
|---|---|
| *Darnell Shuart* <br> By Darnell Shuart, its authorized representative | *Erin Kessler* <br> By Erin Kessler or Stephanie Lazar, its authorized representative |
| DARNELL SHUART: <br><br> *Darnell Shuart* | ERIN KESSLER: <br><br> *Erin Kessler* |
|  | STEPHANIE LAZAR: <br><br> *Stephanie Lazar* |