IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIN KESSLER and STEPHANIE LAZAR, | § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:20-CV-49-RP |
| SHUART AND ASSOCIATES, INC. and DARNELL SHUART, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court are Plaintiffs Erin Kessler and Stephanie Lazar's ("Plaintiffs") Agreed Motion for Approval of Settlement and Joint Stipulation of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Mot., Dkt. 18; Joint Stip., Dkt. 20). Plaintiffs state that they and Defendants Shuart and Associates and Darnell Shuart (collectively, "Defendants") have reached a "fair and reasonable resolution" (*Id.* at 1). In their stipulation of dismissal, the parties ask the Court to dismiss all claims with prejudice and retain ancillary jurisdiction over the parties' settlement agreement. (Dkt. 20, at 1). After reviewing the motions, the parties' settlement agreement and the relevant law, the Court grants both motions.

**I.   BACKGROUND**

Plaintiffs filed their original complaint on January 15, 2020, alleging violations of the Fair Labor Standards Act of 1938's ("FLSA") overtime wage provisions during their employment as legal recruiters for Shuart and Associates, Inc. (*See* Compl., Dkt. 1, at 1). Plaintiffs filed their motion to approve the parties' settlement agreement on July 26, 2020, attaching the settlement agreement itself. (Mot., Dkt. 18; Settlement Agreement, Pl.'s Ex. A, Dkt. 18)). On September 15, 2020, Plaintiffs filed a motion for a hearing on the settlement agreement to provide "counsel for the parties the opportunity to respond to any questions the Court may have concerning the parties' settlement

1

agreement." (Dkt. 19). On October 23, 2020, the parties filed a stipulation to dismiss all claims with prejudice, subject to the Court's retention of continuing ancillary jurisdiction over the parties' settlement agreement. (Dkt. 20, at 1).

## I.   DISCUSSION

### A.  Approval of Settlement Agreement

Plaintiffs filed this case to recover damages for violations of the FLSA's overtime wage provisions. (*See* Am. Compl., Dkt. 10, at 2). The Fifth Circuit has not strictly defined the ambit of FLSA vis-à-vis dismissals without judicial review of settlement agreements. *See Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) ("[T]his court has no binding precedent that resolves whether parties may privately settle a FLSA claim involving a bona fide dispute over whether the plaintiffs worked on days for which they seek unpaid wages."). However, the Fifth Circuit has held a "private settlement of FLSA claims" to be binding when "the settlement gave employees 'everything to which they [were] entitled under the FLSA at the time the agreement [was] reached.'" *Id.* (quoting *Thomas v. Louisiana*, 524 F.2d 613, 615 (5th Cir. 1976)). In *Martin*, the settlements were enforceable as "a way to resolve a bona fide dispute as to the number of hours worked—not the rate at which [the workers] would be paid for those hours." *Id.* at 256.

Given the absence of explicit Fifth Circuit precedent to the contrary and the tendency of district courts within the Fifth Circuit to require review of FLSA settlement agreements, the Court finds that its review and approval of the settlement is appropriate, if not mandatory. *See Trevino v. Colt Oilfield Servs., LLC*, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019). "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Sims v. Hous. Auth. City of El Paso*, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012)

(quoting *Liger v. New Orleans Hornets NBA Ltd., P'ship*, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009)).

Here, there clearly "exists a bona fide dispute" under the FLSA regarding "the amount of hours worked or compensation due." *Jones v. JGC Dallas LLC*, No. 3:11–CV–2743–O, 2014 WL 7332551, at *3 (N.D. Tex. Nov. 12, 2014). In this case, Plaintiffs alleged that Defendants breached their compensation plan with Plaintiffs when they (1) "refused to pay Plaintiffs the remaining commissions owed to them for placements and other services performed" before their termination in November 2019; (2) misappropriated annual contributions to Plaintiff's' retirement accounts; and (3) violated the FLSA by failing to pay an overtime premium to Plaintiff Erin Kessler. (Am. Compl., Dkt. 10, at ¶¶ 5.3-5.6). Defendants moved to dismiss Plaintiffs' original complaint and denied liability under the FLSA in their answer to the amended complaint. (Mot. Dismiss, Dkt. 2; Am. Answer, Dkt. 12).

After "extensive negotiation, including a day-long mediation on July 7, 2020," Defendants agreed to pay Plaintiffs $175,500.00, which includes $56,250 in damages to each Plaintiff. (Mot., Dkt, 18, Ex. A, at 2). In their complaint, Plaintiffs had alleged damages between $50,000.00 and $100,000.00 each. (Am. Compl., Dkt. 10, at ¶ 5.4). The Court thus finds that the settlement agreement provides Plaintiffs with "'everything to which [they alleged they were] entitled under the FLSA at the time the agreement [was] reached.'" (*Id.* at 3 (citing *Martin*, 688 F.3d at 255)). The Court finds that this provision of the settlement agreement comports with *Martin* and is a fair result of good-faith negotiations between the parties. It is therefore binding and enforceable.

Furthermore, the attorney's fees provisions of the settlement are appropriate and align with the remedial purposes of the FLSA. The settlement agreement requires that Defendants pay $60,000.00, or about 30 percent of the total settlement amount, to Southern Attorney Search and Staffing LLC "for the purpose of settling and compromising plaintiffs' claims for attorneys' fees and

costs" (Mot., Dkt. 18, Ex. A at 2). While the parties did not include any analysis or breakdown of the attorney's fee provision in their agreement, the Court notes that attorney's fees that constitute 30 percent of a total FLSA settlement have been deemed reasonable by courts in this circuit. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (noting district court found 30% contingency fee "is a reasonable rate"); *see also Dyson v. Stuart Petroleum Testers, Inc.*, 2016 WL 815355, at *5 (W.D. Tex. Feb. 29, 2016). The Court thus finds that the attorney's fees provision in the settlement agreement is fair and reasonable.

Given the foregoing, the Court finds that the settlement agreement is consistent with the FLSA's purposes of protecting workers "from substandard wages and excessive hours" and safeguarding their ability to obtain relief to which they may be entitled. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

### B. Stipulation of Dismissal

On October 23, 2020, the parties dismissed all claims in this case with prejudice by joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Dkt. 20). The parties ask the Court to retain jurisdiction over this action for the purpose of enforcing their settlement agreement. (*Id.* at 1).

"Stipulated dismissals under Rule 41(a)(1)(A)(ii) . . . require no judicial action or approval and are effective automatically upon filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013). While a stipulation of dismissal under Rule 41 "'ordinarily—and automatically—strips the district court of subject-matter jurisdiction' over the dismissed action," the parties may, as they have done here, ask the district court to retain jurisdiction to oversee enforcement of a settlement agreement. *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quoting *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018)); *see also id.* at 873 n.1.

A district court's "ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees provides such an independent basis to enforce a settlement agreement only if the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal." *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (cleaned up). There are two ways in which a district court may make a settlement agreement part of its dismissal order and thereby retain jurisdiction to enforce the parties' settlement agreement: "either by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Def. Distributed*, 947 F.3d at 873 n.1 (quoting *Hosp. House, Inc.*, 298 F.3d at 430). Here, the Court opts to make the settlement agreement a part of this dismissal order by separate provision.

## II. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Agreed Motion for Approval of Settlement, (Dkt. 18), is **GRANTED**.

As nothing remains to resolve, **IT IS ORDERED** that this case is **CLOSED**.

Pursuant to the parties' agreement, **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce the parties' settlement agreement and resolve any disputes related to it.

**IT IS FINALLY ORDERED** that all pending motions are **DISMISSED AS MOOT**.

**SIGNED** on November 3, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE